FILED

2026 Mar-27 PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANITA MERRILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| COMMISSIONER OF SOCIAL | ) | Case No.: 1:24-cv-01609-JHE |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION[1]**

Plaintiff Anita Merrill seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Merrill timely pursued and exhausted her administrative remedies. This case is, therefore, ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record, and for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

**I. Factual and Procedural History**

On February 3, 2022, Merrill filed an application for a period of disability and DIB, alleging an initial onset date of December 11, 2019. (Tr. 10, 54). The Commissioner denied her claim on September 2, 2022, and again denied her claim upon reconsideration on April 21, 2023.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct all proceedings, including trial and the entry of final judgment. (Doc. 9).

(Tr. 10, 67–71, 80–83).   On May 4, 2023, Merrill timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held via telephone on October 16, 2023 (Tr. 10, 34–53).   During the hearing, Merrill amended her initial onset date from December 11, 2019, to November 28, 2021.  (Tr. 10).  On May 21, 2024, the ALJ denied Merrill's claim. (Tr. 10–18).

Merrill timely requested a review of the ALJ's decision by the Appeals Council. (Tr. 23). The Appeals Council denied the request for review on September 24, 2024, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–5). On November 21, 2024, Merrill commenced this action. (Doc. 1).

Merrill was fifty years old on the amended onset date of November 28, 2021, and fifty-two years old on March 31, 2023, her date last insured ("DLI"). (Tr. 11–12). Merrill has a high school education and past relevant experience as a home healthcare aide. (Tr. 16–17).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983).

---

[2] In general, the legal standards applied are the same whether a claimant seeks Supplemental Security Income ("SSI") or DIB. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations, in this opinion, should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. It is "more than a scintilla, but less than a preponderance." *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish entitlement to a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520 (a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is engaged in substantial gainful activity

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Social Security Administration ("SSA");

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1312 (11th Cir. 2021). If a claimant satisfies Steps One and Two, he or she is automatically found disabled if he or she suffers from a listed impairment. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "Once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Id.* (cleaned up).

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found that Merrill did not engage in substantial gainful activity from the amended onset date of November 28, 2021, through the DLI. (Tr. 12).

At Step Two, the ALJ found Merrill had the following severe impairments: moderate disc space narrowing and spurring, mild degenerative changes, left knee arthritis, and obesity. (*Id.*).

At Step Three, the ALJ found Merrill does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13).

Before proceeding to Step Four, the ALJ determined Merrill's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Merrill has the RFC

> to perform light work as defined in 20 CFR 404.1567(b), except she was able to frequently climb ramps and stairs, but never climb ladders, roofs, and scaffolds; frequently balance; occasionally stoop, kneel, and crouch, but never crawl. The claimant had to avoid exposure to extreme cold and heat, and should work in a climate controlled environment. She should avoid exposure to all workplace hazards such as dangerous moving machinery and unprotected heights.

(Tr. 13).

At Step Four, the ALJ determined that Merrill was unable to perform any past relevant work. (Tr. 16). At Step Five, the ALJ determined, considering Merrill's age, education, work experience, and RFC, that there are jobs that exist in significant numbers in the national economy that she could perform. (*Id.*). Therefore, the ALJ determined that Merrill had not been under a disability from her amended onset date through her DLI. (Tr. 18). Accordingly, the ALJ denied Merrill's claim. (Tr. 18).

### V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court,

however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Merrill raises a single argument: that the ALJ inadequately evaluated the credibility of her statements, inconsistent with the Eleventh Circuit's pain standard. (Doc. 12 at 6, 14).

The Eleventh Circuit "has established a three part 'pain standard' that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Subjective testimony supported by medical evidence satisfying the standard is sufficient to support a finding of disability. *Id.* However, the ALJ may still make a credibility determination on the claimant's statements about the intensity and effect of that pain. *See Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990). When evaluating the credibility of a claimant's statements regarding the intensity, persistence, or limiting effects of their symptoms, the ALJ considers both objective and subjective evidence, including but not limited to the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, and any conflicts between a claimant's statements and the rest of the evidence. *See* 20 C.F.R. § 404.1529(c)(3)–(4); SSR 16-3p, 2016 WL 1119029 at *3-*10. Consistent with SSR 16-3p, the ALJ evaluated claimant's symptoms against the objective medical evidence and other evidence of record.

Any adverse credibility determination made by the ALJ must be supported by "explicit and adequate reasons," *Holt*, 921 F.2d at 1223, and substantial evidence, *see Foote*, 67 F.3d at 1561–62; *Wilson v. Comm'r of Soc. Sec.*, 284 F.3d 1219, 1225 (11th Cir. 2002). In the absence of the ALJ explicitly discrediting testimony, "the implication [from the ALJ's opinion] must be so clear as to amount to a specific credibility finding. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024) (quoting *Foote,* 67 F.3d at 1562).

The ALJ found that Merrill's medically determinable impairments could reasonably be expected to cause her alleged symptoms, thereby satisfying the first prong of the Eleventh Circuit's pain standard. The ALJ further concluded that the objective medical evidence and other evidence of record did not fully support the alleged severity of those symptoms. The ALJ summarized Merrill's testimony[4] and RFC findings in her decision:

> At the hearing, the claimant testified that she has arthritis pain in her lower back that goes down the sciatic nerve to her legs. Due to her back pain, she has a limited ability to walk and bend. She cannot lift because of neck, back, and shoulder issues. She has swelling in the joints of her fingers, which causes her to drop items. She has pain every day, and it is difficult to get out of bed in the morning because of stiffness. She estimated that she can walk for 20 minutes before she needs to rest and can carry 5 pounds with both hands. She rests and lies down during the day. She uses a back brace about 3 days per week. It is difficult for her to bend her elbows and fingers due to swelling. She has hernia problems. She cannot stand for long periods of time.
>
> [. . .]
>
> After careful consideration of the evidence, along with all statements and reports of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. The undersigned finds that due to symptoms of degenerative disc disease of the lumbar spine, left knee arthritis, and obesity, the claimant is limited to a range of light work. The undersigned

---

[4] Merrill adopted the ALJ's summary of testimony as true and correct. (Doc. 12 at 4).

considered all limitations in formulating the residual functional capacity, and the overall record during the period of consideration, does not support any greater limitations.

(Tr. 15).

The ALJ did not rely on isolated findings but instead evaluated the record as a whole, including both normal and abnormal examination results.  The ALJ highlighted medical records after the amended onset date.  First, she pointed to a medical assessment on July 13, 2022, by Quality of Life Health Services, where Merrill was diagnosed with primary generalized osteoarthritis and myalgia and referred to a podiatrist. (Tr. 14–15, 391–95).[5]  Despite Merrill's muscle and joint tenderness and complaints of pain in her feet, ankles, and left wrist, a CRNP noted that Merrill's range of motion of the spine was normal.  (Tr. 14, 393).  The ALJ also cited Merrill's subsequent appointment with podiatrist Dr. Henry R. Bradford at Quality of Life Health Services on July 20, 2022.  (Tr. 15, 402).  At this visit, Merrill was diagnosed with an antalgic gait and tenderness of the feet.  (Tr. 402).  However, Dr. Bradford noted that there was a normal range of motion in both feet, no bilateral swelling, and full eversion motor strength.  (Tr. 402–03).  Dr. Bradford ordered X-rays, which showed "no acute findings or significant arthritic disease." (Tr. 406).

Next, the ALJ noted visits to Quality of Life Health Services on May 17, 2023, and September 23, 2023.  (Tr. 15, 432–36, 458–62).  At the first of these, Merrill complained of 4/10 joint pain in her hands, but a review of her musculoskeletal system showed normal range of motion and a neurological examination showed no focal deficits.  (Tr. 433–36).  Merrill was counseled on

---

[5] The ALJ misidentified the records pertaining to this visit as Exhibit 3F (tr. 306–18) rather Exhibit 7F (tr. 391–95), where they actually appear.  This error is immaterial and does not affect the ALJ's accurate characterization of the visit.

weight management—specifically, nutrition and physical activity—due to her BMI of 54.42 kg/m$^2$. (Tr. 435).  At the second visit, an annual physical, Merrill complained of pain in her lower left leg, sometimes accompanied by swelling.  (Tr. 458).  Again, Merrill exhibited normal range of motion and no neurological deficits.  (Tr. 460).  As with the May 2023 visit, Merrill was counseled on nutrition and physical activity.  (Tr. 463).

The ALJ also cited the Alabama Division of Disability Determination's report of a consultative physical examination on August 20, 2022.  (Tr. 15, 425–30).  At the examination, Merrill reported back pain.  (Tr. 425).  On examination, Merrill's range of motion was within normal limits and she exhibited no paraspinal muscle tenderness and no curvatures or abnormalities in her spine.  (Tr. 427–29).  Merrill was able to move all four extremities, and the examiner noted no clubbing, cyanosis, edema, or swollen joints.  (Tr. 427).  A neuromuscular exam showed Merrill's muscle strength to be 5/5 in all extremities and both grips; Merrill was also able to pinch, grab, and manipulate with both hands.  (Tr. 427).  However, the examiner noted that Merrill exhibited positive straight leg raising on the right and a waddling stride (but no assistive device used).  (Tr. 428).  The ALJ acknowledged these findings but reasonably concluded that they did not support limitations greater than those reflected in the RFC when considered alongside the overall record evidence.

Merrill argues that the ALJ relied on isolated parts of the record to conclude the intensity, persistence, and limiting effects of her pain were not as disabling as she claimed.  (Doc. 12 at 10). Specifically, Merrill states that "[t]he ALJ cannot pick and choose among a doctor's records to support his conclusion."  (*Id.*) (quoting *Chambers v. Astrue*, 671 F. Supp. 2d 1253, 1258 (N.D.

Ala. 2009)).  But Merrill points to no instance where the ALJ has ignored medical records,[6] nor does she take issue with a specific portion of the ALJ's recitation of the evidence.  Rather, Merrill's brief largely recaps her testimony and her reports to doctors (*see* doc. 12 at 6, 8–11) rather than identifying any specific objective medical evidence that the ALJ ignored or mischaracterized.  While Merrill may have *reported* pain or other subjective symptoms, that is not relevant to whether the ALJ ignored medical evidence that would have supported those symptoms.  Rather, the ALJ's citations to relatively normal musculoskeletal findings, including repeated instances of normal range of motion, are consistent with the record and inconsistent with disabling limitations.[7]

Merrill states that various records "document the Plaintiff's complaints of and treatment for her pain and physical examinations showing tenderness, limited range of motion, an antalgic gait and positive straight leg testing on her right leg."  (Doc. 12 at 12) (citing tr. 247, 251, 254, 255, 344, 391, 432, 458, 430).  As discussed above, the ALJ considered this evidence.[8]  Merrill also contends that "[t]he treatment records together with objective evidence documenting generalized osteoarthritis, lumbar degenerative disc disease and advanced arthritis of her left knee would not permit a reasonable person to conclude the Plaintiff could perform a range of light

---

[6] On May 23, 2022, the Disability Determination Service issued a request for medical records from Quality of Life Health Services. (Tr. 422). On August 1, 2022, a CRNP with Quality of Life Health Services issued a letter, in response, stating that Merrill "is unable to work . . . due to health conditions and chronic pain." (Tr. 422–23). The ALJ rejected the conclusion that Merrill was unable to work, as such determinations are reserved for the Commissioner. (Tr. 15).

[7] Merrill arguably contends that the ALJ impermissibly relied on the absence of objective evidence to discredit her subjective testimony.  (Doc. 12 at 8–10).  To the extent she does, this argument is undermined by the ALJ's extensive citations to the record in support of her application of the pain standard.  The ALJ did not, for example, rely on an absence of *evaluations* of Merrill's symptoms; rather, she relied on evaluations that were inconsistent with Merrill's symptoms.

[8] Despite Merrill's characterization, *none* of the objective evidence cited showed that she had a "limited range of motion."

work." (Doc. 12 at 13). To the extent that Merrill argues that her diagnoses themselves mean that the RFC is not supported by substantial evidence, "the mere existence of these impairments does not reveal the extent to which they limit [claimant's] ability to work or undermine the ALJ's determination in that regard." *Preston v. Comm'r*, 749 F. App'x 268, 270 (11th Cir. 2018) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6)).

The ALJ properly examined the record, consistent with the Eleventh Circuit's pain standard, and gave proper deference to SSR 16-3p when evaluating the intensity and persistence of Merrill's symptoms. The Court's role is not to reweigh the evidence but to determine whether the ALJ's decision is supported by substantial evidence. Even if a different reviewer might have reached a different conclusion or some evidence might support more limitations than the ALJ found, that does not provide a basis for remand. Accordingly, the Commissioner's decision is due to be affirmed.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Merrill's claim for a period of disability and DIB is **AFFIRMED**. A separate order will be entered.

DONE this 27th day of March, 2026.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE